Good afternoon, 319-0398, per your law, Appellant versus Christopher Ferris and Brandi Ferris, apolis. Mr. Mayall? Yes, Your Honor. You may proceed. I'd like you to know that Justice Schmidt and Justice Carter are listening. They are participating in this argument, and they will be asking questions if they have any, along with myself. So with that, I am listening. Make sure that you just please state your name for the record since it's going to be recorded and placed up tomorrow. Yes, Your Honor. And may it please the court, my name is Eric Mayall, and I represent the plaintiff appellant in this matter, per your law PC. If it pleases the court and counsel, this is the second time that these facts have been before this honorable court. Under the first case, obviously, different legal issues. But this is now the second time on appeal that per your law, the appellant in this case is demonstrating the reasonableness of the fees for the services provided to the appellees, Christopher and Brandi Ferris in this case. In this particular case, it is interesting because there has been no question at this point, no specific item of services or work that was done that the appellees have been able to identify or that the court has identified as having been done in an inappropriate or unreasonable or unprofessional or unrequested way. Quite simply speaking, the work that per your law PC did for the Ferris' in the underlying cases here was done so pursuant to contracts for legal services, setting forth the specific scope of the work to be done and all in accordance with the request of Mr. Ferris and his mother. All of that was done with their knowledge and all of it was done in a fashion that would be appropriate and expected for the sort of work that was called for in the underlying divorce and order of protection case. I think it's worth noting that in the first order of protection matter that was related to these parties, per your law successfully defended Mr. Ferris from the allegations set forth in that order of protection case. That was resulted with the order of protection being dismissed and the divorce case obviously proceeding from there.  in the divorce that injuries to the minor child at issue became quite apparent. We're talking bruises, belt marks. It was clear that someone was abusing the child. And so per your law PC quite appropriately sought an order of protection against both the opposing party, the mother of the child. Well, let me ask you something. Yes, your honor. Those facts were developed in the OP case, right? That is correct. And those are the records you're objecting to the trial court looking at? I'm not objecting to the trial court considering the work done by per your law PC in the order of protection matters. I think that is something that I have fully set forth in terms of the billing. And what I'm objecting to is not being able to explain my services or my conduct as Mr. Ferris's attorney in those cases. Why couldn't you? I was never offered the ability to do so. I'll take a step back in saying that. I believe what the trial court did and what the trial court here has done in the second trial is to take judicial notice of the dockets in those cases without the facts of the services being explored in any degree of specificity. I did submit the billing information for those cases and generally testified to the work done. But the questions that the judge raised, the trial court in the second trial, sua sponte and through judicial notice regarding the dockets I never had a chance to answer or address prior to the court issuing its decision. So while the record was open. And that's the particular concern I have there because I think if all of the services, sorry. Go ahead. Well, I was going to say, I think if all of the services are examined as the trial court in that order of protection case did, the court in the small claims case would have seen that those services were quite appropriate. Yes, there was some issue as to the manner in which the emergency order of protection was sought, but that I don't believe in any way affected the outcome of the case. And ultimately the judge had indicated that it was a situation where the facts were inherently difficult to prove, but not without merit. What you took objection to the judicial notice from the judge, right? Correct your honor. Okay, well, what aspect of that action by the trial judge violated a Supreme Court rule of evidence 201? Well, and I don't know that it particularly did. And I point to the people versus space case in my analysis there. I think that that provides the guidance on where a court should take judicial notice sua sponte. And that's exactly what the court did here. I had no idea that the judge was going to consider those issues. The judge did so without notifying either of the parties that it would be doing so. And ultimately I had no ability on my behalf to answer the questions raised. I think that entirely violates our notions of fair play. The rules of evidence were adopted the beginning of 2011. And I'm just wondering what, what aspect the judge, a court can take judicial notice whether requests or not. And you can ask, you know, to have some input into that, but I'm just, I don't understand the violation of 201. And your honor, I think that that is really the point here is that with regard to 201, I think that we don't set aside still the notions of fair play and due process. And in this case, I had no notice whatsoever that the judge was going to consider those issues in the manner that she did. Let me interrupt you a second. I'm sorry. Okay, so let's say you didn't have notice.  That is correct, your honor. And you knew then, right? I did, your honor. And so there was nothing to stop you from addressing anything you wanted to address about the OP cases on rehearing. Quite correct. And I agree that I did have the ability and I did go through that. And ultimately the court did express that the motion to reconsider was granted to that effect and that the court was no longer considering those matters, essentially. I disagree with the argument raised by the appellees here that effectively the motion was granted. Ultimately, I think the court acknowledged the error and then decided that the same results should apply despite not analyzing the logical aspects of that, which are to say, if you remove the only reason for reducing the fees, then the fees shouldn't be reduced. Let me correct me if I'm wrong, but the way I read the record is the court granted your motion for a rehearing. In other words, you got a rehearing, but at the end of the day, you didn't get the relief you were hoping for. I would slightly disagree with that, your honor. I had asked that the court would reconsider its ruling. We didn't come on for a full rehearing. It was merely argument regarding the court's determination. And ultimately what I was seeking is that the court would grant a new trial or a new hearing entirely on those questions. And ultimately the court said it was reconsidering its ruling. It agreed with me that- At the rehearing, you appeared in court for the rehearing, correct? The reconsideration, to be specific. And at the time, did you offer any additional evidence about those OP cases? I only offered argument. I didn't understand that the court was taking additional evidence regarding the OP cases at that point. What did you think a rehearing was? As I had moved for reconsideration, it was my understanding that the court was reconsidering its ruling. It wasn't a new trial in any sense that I would typically expect to be putting on new evidence, but rather making legal arguments as to the judge's conclusions as set forth in the post-trial motion that I had filed. All right. And so with that, my position, the appellant's position in this case, is that the trial court did not, in fact, reconsider and grant the reconsideration, but rather tried to justify the same result without really pointing to any other existing facts that would call for a reduction in fees. And as far as the reasonableness of fees, I keep going back to the idea that in this case, per your law PC, as in all cases, has detailed billing records. And each and every item of work that was done for the pharisees was detailed, and again, done with their knowledge. Not one of those was really called into question by the appellees in either the first or the second trial. And I point to the Laff case in my brief to indicate that where a contract governs, even if it's an attorney fee contract, it should be held on the same level as other agreements of parties. And here, we don't need to necessarily resort to quantum merit analysis  Still, the fees must be reasonable because every attorney contract has that implicit provision. I believe that they were reasonable and that the fact that the appellees failed to identify any particular item with any degree of specificity and that the court referred to only a gut reasoning or gut reaction as justification. Didn't the case law say that the trial judge doesn't necessarily look at certain line items. However, but the big picture and the whole case and the big picture are the total fees are reasonable. I agree, Your Honor. Sorry. Okay. So it's not a matter of looking at every line item and pointing out the particular line items, but the law also says the judge can use their own, trial judge can use their own experience and concluding whether the fees are reasonable. And Your Honor, I quite agree. I think that is the appropriate analysis. However, I think where in this case, the judge sets forth a reason that we now know was not considered as the only reason for reducing those fees and then takes that back essentially at the reconsideration stage. And then the end result is to leave it unchanged. I think that that is maybe not what's going on. In other words, if the judge was looking at this truly the way that was expressed in the original ruling, which is to say, had per your law PC not done these things in the order of protection cases, that may be justified. But because of these things done in those cases, I'm gonna reduce the fees. And then says, I'm not actually now considering those improper actions. So what's improper about looking at, these are other cases in the same circuit court, correct? Correct. So there are records of the court, correct? Correct. And what's wrong with a judge looking at other cases that are records of the court? The court can take judicial notice of the records in the court system. And they're a circuit, can't they? Yes, I would only argue, and I only do argue here, not that that is improper, but it's improper in the manner in which it was done here, because it was done without notice or any adequate opportunity to explain those services. Well, then you'd have the chance to do it. Then you were in front of the judge and you had a chance to do it, correct? Yes, and the judge indicated that that would no longer be considered and wasn't the reason at that point for the judge's decrease in the fees, where then she cited that it was only a gut reason. I would argue only that with regard to the factors that the court should consider, yes, as the court can take an overall approach and doesn't need to go line item by line item, but in this case, the judge should be able to point to one, at least one of the factors that would justify a reduction. And I don't see that happening here. The judge didn't identify any particular factor, the rate. I had done detailed briefing. I prepared a trial brief that is in the record here and indicates comparable fees for comparable cases around the state and also in the area. None of that was ever called into question and none of the complexity of the case was ever called into question. So I would submit that in this case, the services done were appropriate, that they were justified, the fees requested were shown to be reasonable and never truly questioned. And for those reasons, we would ask, the appellant would ask that the fees be granted, that the trial court be remanded with instructions to enter judgment in favor of the plaintiff. You don't think the judge has a burden of proof in this case, do you? I don't believe the judge has a burden. No. Are there any other questions? No, not right now. Okay. Mr. Gatz? Yes, Judge. No, I'm up, I'm okay. Yes. Yes, good afternoon. My name is David Gatch. I represent the appellees. That's gonna be Christopher Ferris, who was the father in the disillusioned action that per your law was previous counsel on, along with Brandy Ferris, and that's gonna be Christopher's mother. I'll try to keep my remarks short to just a few points. Counsel, I'm sorry to interrupt you, but a couple of my colleagues are here and they're elderly. Could you speak up for their benefit, please? My apologies, Judge. I'll quickly re-narrate what I said. My name is David Gatch. I represent the appellees, Christopher Ferris and Brandy Ferris. Christopher is the father that was previously represented by per your law that brought about, that I guess ultimately resulted in this breach of contract case that's before us, Judge. And we have Brandy Ferris. That is the mother and the co-signer on the contract that's at issue. Thank you for helping me, been able to hear. Thank you. Thank you, Judge. If it may please the court, I will keep my remarks to just a few short points. As a preliminary, at the end of the day, my clients were let off the hook at the trial level. So there was no motion on my end directed at the court's methodology. There was no cross appeal that I have filed. The reasons that are self evident, but I do believe that the trial judge did reach the right ruling for a few reasons. One of the problems we have here on my first point is that we do sort of have an incomplete record. I did note that in my brief. I did see council appellants reply to that. I think case law sort of speaks as to ultimately who the burden is. I think this omission is important because the only exhibits that I could see that made it into the record were ones from that first hearing back in 2017. As noted in the exhibits that are in the record, you will see several that say OPs. You will see several that say divorce cases. Just if my math or arithmetic is correct, at least in the exhibits that made it in there, the OPs total up to about $2,405.31. The page three, however, of the court's trial order is $2,844. So assuming my math is accurate, we have a bit of a discrepancy. Again, I did see council's response, at least suggesting or otherwise indicating that it was duplicitous admissions, but it doesn't seem to account for the differential here. I also know as far as I could see, I did not see any exhibits regarding their request for reimbursement under Illinois Supreme Court Rule 374. These omissions are critical because we're not here on a breach of contract case. Both parties, it's attached to the complaint, and I don't think anyone's disputing that a contract's been signed. The contract specifically states 15D422, and as noted in the case file, there are several OPs with different cases. And it seems, as I look at the pre-hearing brief that Appellant had prepared, the way it was argued and the, at least the exhibits that made in there, that it seems that all the cash kind of followed into one pot. So I think a full and complete record would have been helpful in at least trying to figure out which money went to where. My second point, just briefly on the motion to reconsider, you know, I did argue that the position was not fully developed. It seems that the issue might be how the court reacted to the requested prayer for relief, but I don't think there was any argument as to what should or shouldn't be argued when a court grants something that's a little bit different from the prayer for relief. So again, I do feel that that position may have been forfeited. My third and final point, which I think is worth noting in a little bit more detail about, is in regards to Rule 374, as I already discussed, it was not present with the exhibits that were submitted to the appellate record. There was not, as far as I know, there was no motion to supplement that, and there was no request for a stipulation to correct that. In either event though, you know, the record kind of shows that there was no request under Rule 374 for reimbursement. And I would argue that it would be against public policy to bypass that particular rule. In my brief, I kind of gave a very inartful example of how the contract was drafted and how it could be theoretically interpreted as that even if my clients who did not participate in the first appeal, but if they had, had been successful, they may have still been on the hook under the contract theoretically for reimbursement. Another example under public policy that kind of comes to mind just off the top of my head right now is that every so often as I read appellate briefs, I will see very good lawyers with fantastic cases that sometimes do things during the course of appeal that maybe they should not have done. Maybe it didn't rise to the level of Rule 375, but as I look at Rule 374, it says that the prevailing party in certain circumstances can be entitled to reimbursement upon unless good cause is shown as to why not. And I think that a contract provision by an attorney who has to charge a reasonable fee trying to take that authority or ability away from the court is a bit problematic. And I think it is a bit of a slippery slope to say that a contract has that particular authority. I would say that, I mean, this politely speaking, if Rule 374 had been a motion to Rule 374 had been filed the first time this is up, we probably would not be here spending money arguing that particular issue. So I think for those three particular reasons that the missing record, the matter of how the motion to reconsider was argued and the public policy reasons under Rule 374, I think the trial court got it right. It's my position, it's my contention that the standard review on those attorney fees is abuse of discretion. I kind of framed it as an arithmetic issue that no reasonable judge would have ever come up with that particular number. And because we have that record issue, I think it is a bit problematic. And I think the problem is not one that's on my client's end. I think that problem falls upon the appellate's end. Thank you, Judge. Are there any questions for Mr. Gottsch? No, thank you. No. If not, Mr. Mayo. For Roberto. Thank you, Your Honor. I just would like to respond briefly to the argument regarding Rule 374. In my brief, I cite to Crawford Fitting Company versus J.T. Gibbons case, a United States Supreme Court case looking at the Federal Fees Act, which is not directly the same. Obviously, the language is different. But I think it's important for this court to address the same approach. In this case, it would look like, at least the argument of the trial court here or the appellees would be that 374 essentially writes the language of fee or cost shifting out of the contract. And I can't imagine that that is the desired approach or result of Illinois Supreme Court Rule 374. What I argue and what I point to is that that rule is entitled or is intended to cover all cases in which there may or may not be a contract in existence. But that similar to the Federal Fees Act, the court ordinarily wouldn't be able to shift those fees unless there was another statute or rule in existence that would allow it. But the contract here says quite clearly that both parties are agreeing that if per your law recovers or has costs in collection to include, in this case, say, appellate costs, those should be shifted. Well, let me, and you may, I wanna be clear as to what your argument is because you may have clarified this in your reply brief. But, and I think you seem at that point to agree that if the trial court, and of course, would, if a court hypothetically finds, as the trial court did, that there is no debt, then you can't, then even under that contract, you can't recover either costs or fees. Is that, do you agree with that? I agree. And I think it goes back to what I was indicating earlier, and I know this wasn't necessarily addressed in the briefing but the idea that every attorney contract has in it the concept of reasonableness. I think that's baked in. I think that's an, there's ample case law to support that whenever there's a fee issue, you don't contract around that as an attorney. That's unethical, that's inappropriate. And that's not what we're seeking to do here. I'm only arguing for fees because as I indicated, and as we've argued, we believe that the trial court here got it wrong. And that if this court, if this honorable court were to conclude similarly, those should be included. I'm sorry. I didn't know if there was a question. No, no, just. So, I go back to the point regarding the record here. I do find it unfortunate. I don't understand why in response to my request for exhibits to be included in the record, the clerk in this case submitted the exhibits from the first trial. It did not appear to me to be the case. I did not recognize it until the briefing from the appellees. So it was not something I identified, unfortunately, because they are, as far as I'm aware, the same exhibits. If the court were to wish to see the exact exhibits, I'd be happy to supplement, although I don't understand or I don't know at this point whether that would be appropriate given the stage and the appellate process that we are in. But it would seem to me that given the similarity in the documents, the contracts, the billing records, the briefing, all of that is in the record. And none of it would have changed since the first trial, because we're not seeking fees for the first trial, not requesting attorney's fees for the collection process. It would seem to me that everything that has been introduced is properly before the court, and that supplementation, if needed, could still occur, but that at this point, the court should have all of the information that it needs. I want to stress that in this case, per your law, PC's actual work doesn't seem to have been called into question by anyone but the judge looking at aspects that per your law never had the opportunity to rebut or explain. For all of those reasons, I don't believe that it's fair to indict the work that per your law has done or to criticize the work that per your law has done. There's a contract setting forth the agreed value of all of that, all of those services, and for all of those reasons, we believe that that contract should be held on par with other agreements, and that the appellees in this case should have a judgment entered against them and in favor per your law. Thank you. Let me ask you this. Can you look at 374 and your contract in harmony?  you can recover, and 374, I believe, talks about costs and not fees, correct? Yes, correct, and that is all that per your law is seeking. Well, 374 tells you how you go about asking for those costs in the court. Are they really inconsistent? If your contract allows you to recover costs, there are still, 374 seems to set out a procedure as to how you go about doing that, the same way as the common law says, if somebody punches you in the mouth, you can sue them, but court rules tell you how you go about doing that, and if you don't follow those court rules, for example, statute of limitations or fact-leading or whatever, you can still lose even though somebody punched you in the mouth, and you might feel that you're entitled to recovery. And yes, Your Honor, I think that if I were asking this court, this honorable court, to shift those costs following the original appeal ruling, that would be improper at this point, but what I was doing is, in light of the fact that the matter was coming on for trial, adding that request to the already requested relief in light of the fact that those services were performed. So I wasn't following the procedure because I wasn't asking this honorable court to shift the costs, rather the trial court in light of the facts that were known at that point, and the contract that exists between the parties. Thank you. Thank you. Justice Carter, any questions? No, thank you. Okay. Thank you both for your arguments here today. This matter will be taken under advisement, and a written decision will be issued to you in due course as soon as possible. And with that, that concludes our argument today.